James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> PLACER BULLION TRUST #9166, et al., <br><br> Defendant(s). | Case No. 2:18-CV-289 JCM (PAL) <br><br> ORDER |

Presently before the court is defendants Placer Bullion Trust #9166 ("Placer") and NV West Servicing, LLC's ("West") motion to dismiss. (ECF No. 19). Plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac"), Federal Housing Finance Agency ("FHFA"), and U.S. Bank National Association ("U.S. Bank") (collectively "plaintiffs") filed a response. (ECF No. 30). Place and West filed a reply. (ECF No. 33).

Also before the court is plaintiffs' motion for summary judgment. (ECF No. 31). Place and West filed a response (ECF No. 39), to which plaintiffs replied (ECF No. 43).

Also before the court are two motion for which the respective response and reply filing deadlines have not passed: (1) plaintiffs' motion to dismiss (ECF No. 58); and (2) Placer and West's motion for summary judgment (ECF No. 52).

**I.     Facts**

This action arises from a dispute over real property located at 9166 Placer Bullion Avenue, Las Vegas, Nevada 89178 ("the property"). (ECF No. 1).

Peter and Sallie Pollack ("the Pollacks") purchased the property on or about February 1, 2008. (ECF No. 31-1). The Pollacks financed the purchase with a loan in the amount of

$244,00.00 from U.S. Bank. *Id*. U.S. Bank secured the loan with a deed of trust, which names U.S. Bank as the lender, Olivia Todd as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*.

On or about March 12, 2008, Freddie Mac purchased the loan, thereby acquiring ownership of the deed of trust. (ECF No. 31-2). On January 16, 2013, MERS assigned the deed of trust to U.S. Bank, Freddie Mac's authorized servicer of the loan. (ECF Nos. 31-1, 31-2).

On September 16, 2010, Talaresa and Vicanto Homeowners Association ("Talaresa"), through its agent Nevada Association Services ("NAS"), recorded a notice of delinquent assessment lien ("the lien") against the property for the Pollack's failure to pay Talaresa in the amount of $882.00. (ECF No. 52-3). On November 18, 2010, Talaresa recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $1,722.00 as of November 16, 2010. (ECF No. 52-4).

On July 18, 2011, Talaresa recorded a notice of trustee's sale against the property. (ECF No. 52-5). On July 13, 2012, Talaresa sold the property in a nonjudicial foreclosure sale to West Coast Servicing, LLC ("West Coast") in exchange for $6,000.00. (ECF No 31-1). On July 18, 2012, West Coast recorded the deed of foreclosure with the Clark County recorder's office. *Id*. On August 7, 2013, the trustees of Freddie Mac's deed of trust held a foreclosure sale, without any opposition from Placer or its predecessor, which resulted in Freddie Mac becoming the current title holder as the winning bidder. (ECF No. 31-2). On December 17, 2014, West Coast conveyed the property to Placer via a grant, bargain, sale deed in exchange for $10.00. (ECF No. 31-1).

On February 15, 2018, plaintiffs filed a complaint, alleging four causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against Placer; (2) quiet title under 12 U.S.C. § 4617(j)(3) against Placer; (3) declaratory relief under the Fifth and Fourteenth Amendments against Placer; and (4) quiet title under the Fifth and Fourteenth Amendments against Placer. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Now, plaintiffs move for summary judgment, requesting that the court hold that the foreclosure sale for Talaresa's lien under NRS 116.3116 *et seq.* did not extinguish the deed of trust. (ECF No. 31).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

Plaintiffs argue that the court should set aside the foreclosure sale because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 21). The court agrees.

The Housing and Economic Recovery Act ("HERA") established Federal Housing Finance Agency ("FHFA") to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out

its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Freddie Mac acquired ownership of the underlying loan on or about March 12, 2008. (ECF No. 31-2). Further, on January 16, 2013, U.S. Bank acquired all beneficial interest in the deed of trust via an assignment. (ECF Nos. 31-1). U.S. Bank acted as a contractually authorized servicer of the loan on behalf of Freddie Mac, the owner of the note and deed of trust. (ECF No. 31-2). Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of plaintiff. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for plaintiff prior to the foreclosure sale on July 13, 2012.

FHFA did not consent to the extinguishment of Freddie Mac's property interest through the foreclosure sale. Placer and West argue that FHFA has affirmative rights and duties, and a failure to appear at the foreclosure sale or pay the superpriority lien prior to the sale constituted consent to the foreclosure. *See* (ECF No. 38). However, pursuant to the Ninth Circuit's recent

decision in *Berezovsky*, § 4617(j) imposes no such duties on the FHFA, and the plain language of § 4617(j)(3) prevents a foreclosure sale pursuant to NRS 116.3116 *et seq.* from extinguishing the deed of trust. *See Berezovsky*, 869 F.3d at 929, 931.

Freddie Mac obtained its interest in the property prior to the foreclosure sale. As Freddie Mac was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, Freddie Mac's interest in the property survived the foreclosure sale. Thus, plaintiffs are entitled to summary judgment on their declaratory relief and quiet title claims.[1]

Lastly, the court will deny as moot all remaining motions, including those that are no yet ripe, as the court has resolved all pertinent issues in this litigation. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also United States v. Hard*, No. 2:11-cv-00513-EJL, 2012 WL 1662463 at *1 n.1 (D. Ida. Apr. 3, 2012) (ruling on a motion to which a litigant had not yet filed a reply).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Placer and West's motion to dismiss (ECF No. 19) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment (ECF No. 31) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Placer and West's motion for summary judgment (ECF No. 52) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs' motion to dismiss (ECF No. 58) be, and the same hereby is, DENIED as moot.

. . .

. . .

. . .

---

[1] The court will not address plaintiffs' remaining claims or defendants' counterclaims as they are no longer pertinent to the adjudication of this action.

James C. Mahan
U.S. District Judge

The clerk shall enter judgment accordingly and close the case.

DATED December 12, 2018.

                                                     _____
                                                     UNITED STATES DISTRICT JUDGE